44504. WALKER v. THE STATE.

WHITMAN, Judge. This is an appeal by Jerome Walker from the order and judgment of the trial court overruling and denying his motion for new trial on the general grounds only

upon his conviction and sentence for a term of ten years for the offense of larceny from the house. The enumeration of error is to the overruling of appellant's motion for new trial.

The defendant was indicted for the offense of larceny from the house, the storehouse and place of business of one Addison G. Smith of $8,250 in money and the indictment alleged prior convictions of similar offenses, one of which was established by the evidence.

The evidence offered and admitted on the trial of the case was amply sufficient to support the verdict of guilty and the sentence imposed. It appeared from the evidence that Smith owned and operated in the storehouse a liquor store known as the S. & M. Liquor Store, one side of which is devoted to the sale of liquors and the other side thereof to the sale of beer. The clerk employed at the store testified that an armored truck delivered to the store at approximately 11 a.m. on Friday, March 15, 1968, the date of the commission of the offense alleged in the indictment, $20,000, which was mainly in currency, which was to be used in cashing weekly payroll checks for the store's customers; that he checked the money against the delivery slip, distributed $4,000 to the beer side of the store and was in the process of putting the remainder of the $20,000 in a safe located in a small room, a part of the building in the rear of the portion of the building devoted to the liquor store; that no one else was in the liquor store at that time; that the alarm over the front entrance door to the liquor store, which rings when the door is opened, rang; that thereupon he left the remainder of the money, $16,000, on the top of a desk beside the safe and entered the store area, leaving the door which was the only entrance from the small room to the store area, ajar; that upon entering the store area he saw two women and two men enter the store; that one of the men was the defendant; that he, the clerk, asked the persons so entering what he could do for them, and that one of the women replied, "We are going to have a small party; I want to look around and see what I can pick out"; that she began to look around and finally bought a bottle. The witness also testified that one of the men remained at the front door and that the defendant went toward the back part of the store and began picking up some soft drinks and putting them in an empty carton;

that another man had come over from the beer store and began talking with the women. The witness further testified: "When I saw he [the defendant] was getting so far down to the end of the store, I walked down and asked him if it was anything I could do for him. . . He said yes, give him a half pint of Vodka. I give [sic] him the vodka. He came up to the counter and I charged him for the drinks in the carton. He [the defendant] said: 'The woman up there wants something else' . . . I got just about where they were . . . I didn't hear them say they wanted something else, and kind of puzzled me, why he would tell me they wanted something else . . . I felt something was wrong and I turned back around, but I didn't see him. So the thought was to go back to the back room, and as I got about ten feet from the door, he came out and was putting the money up under his shirt-sweater, and I immediately hit the alarm system . . . I was about 10 to 12 feet from him, and he scooted up under the chain, and the man holding the door opened it [referring to the front entrance door], and they both ran out the store." The chain referred to is described in the testimony as suspended from the end of the counter in the rear of the store area from one side of the store to the other.

It further appeared from the evidence that the bottles of soft drinks and vodka purchased by the defendant were left on the counter in the liquor store and were turned over to a detective who answered a police alarm and that fingerprints were found on the bottles which later proved to be similar to the defendant's fingerprints and were so positively identified as those of the defendant.

It further appeared from the testimony of the liquor store clerk that after the persons in the liquor store, including the defendant, had left the premises he immediately noticed that some money had been taken; that he remained at the store until the manager of the beer store arrived and that he and the manager counted the remaining money and found that four bundles of $2,000 in twenty-dollar bills were missing, along with $250 in five-dollar bills, making a total of $8,250.

There was also evidence by a detective of the Atlanta Police Department that effort had been made to find the defendant for a period of approximately one and one-half months, without avail, police officers having checked at his house a

number of times without finding him; that about one and one-half months after the commission of the alleged offense defendant was found on an Atlanta street in an automobile, and thereupon the defendant ran off and left the officers.

The requirements of the reasonable doubt rule as well as the circumstantial evidence rule are fully met in the matter of sufficiency of the evidence to support the affirmance of the judgment overruling and denying the motion for new trial.

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

SUBMITTED JUNE 4, 1969—DECIDED SEPTEMBER 2, 1969.